## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JEFFERY C. GARDNER**,

      Plaintiff,

v.                                                                 No. Civ. 08-0589 MV/LAM

**UNITED STATES GOVERNMENT**,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER DISMISSING CASE</u>

THIS MATTER comes before the Court on the United States' Motion to Dismiss, filed October 24, 2008 (Doc. 14) and on Jeffrey C. Gardner's Motion for Reconsideration, filed June 8, 2009 (Doc. 20). The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court concludes that the motion to dismiss must be granted and that any other pending motion must be denied as moot.

### I.  FACTUAL AND PROCEDURAL BACKGROUND.

This is the second time that Gardner has filed suit based on the same assertion that the IRS improperly imposed income-tax penalties against him for tax year 1999[1]. *See Gardner v. United States*, No. Civ. 05-1058 MV/ACT, 2006 WL 2726743 (D.N.M. June 7, 2006) (dismissing case for lack of subject-matter jurisdiction). In addition, Gardner has unsuccessfully filed other suits based on various legal theories regarding his refusal to pay income taxes in other tax years, in which he challenges both the taxes and the penalties imposed. *See Gardner v. I.R.S.*, No. Civ. 99-1176 JC/LS, 2000 WL 34327006 (D.N.M. Dec. 14, 2000); *Gardner v. United States*, 2002 WL 1821581

---

[1] Gardner's previous suit regarding the 1999 tax year was to recover taxes, penalties, and interest assessed in November 2004. *See Gardner*, 2006 WL 2726743 at *1. The current suit is to obtain "restitution" of a penalty for filing a frivolous return assessed on June 6, 2006. *See* Complaint at 1-2.

(W.D. Tex. 2002); *Gardner v. United States*, No. Civ. 05-0520 RB/RHS, 2006 WL 1390584, *1

(D.N.M.  Jan. 12, 2006) ("suit for injunctive relief, damages and to recover taxes and penalties

assessed and collected by the Internal Revenue Service ("IRS") for tax year 1998").. Gardner also

has sued his employer for complying with income-tax levies, and those cases have been dismissed

as well.  *See Gardner v. Cent. Tex. Coll.*, 259 Fed. Appx. 136 (10th Cir. 2007) (affirming district

court's dismissal on res-judicata grounds and discussing Gardner's first suit against Central Texas

College).

In his suit against the United States brought in 2000, Gardner "maintain[ed] that he is entitled

to damages for an unauthorized collection action pursuant to 26 U.S.C. § 7433" based on his

assertions that a penalty imposed for filing a frivolous amended tax return in 1997 was illegal

because "he is not legally required to file federal or state tax returns for various jurisdictional

reasons." *Gardner v. I.R.S.*, 2000 WL 34327006, *2-*3.  He also demanded "proof of the I.R.S.'s

jurisdiction to tax him."  *Id.* at *4.  Gardner later contended "that the I.R.S. violated 26 U.S.C. §

7429 by issuing an illegal jeopardy levy upon his property, thereby entitling him to damages under

26 U.S.C. § 7433."  *Id.*  But because "the I.R.S. only sent Plaintiff a notice of intent to levy certain

assets . . . and it did not actually levy any of Plaintiff's assets . . . [the Court found that] 26 U.S.C.

§ 7429 is inapplicable in this case." *Id.*  at *5.

In his suit filed in 2005 contesting taxes and penalties imposed for tax year 1998, Gardner

contended

> that the IRS violated federal statutes, regulations, as well as the First, Fourth, Fifth,
> and Sixth Amendments to the Constitution by failing to (1) give him lawful notice
> of the deficiency, (2) disclose evidence in support of the assessment, (3) state the
> basis for the penalties, or (4) respond to his requests for information. Gardner seeks
> (1) injunctive relief (requiring the IRS to respond to his requests for information), (2)
> a refund of the amount unlawfully seized, and (3) money damages.

2

*Gardner*, 2006 WL 1390584, *1.  With respect to his claim for damages brought under § 7433, this Court again reminded Gardner that "[a] judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted administrative remedies available to such plaintiff within the Internal Revenue Service."  *Id.* at *3 (quoting 26 U.S.C. § 7433(d)(1) and citing 26 C.F.R. § 301.7433-1(e) (outlining the procedures for filing an administrative claim)).  Because Gardner had not "alleged or argued that he filed an administrative claim for damages, Gardner has failed to establish a waiver of sovereign immunity,"and the Court dismissed his claim for damages.  *Id.*  The Court also dismissed Gardner's request "to require the IRS to provide documented, specific answers to his requests for information regarding the levy.  The Anti-Injunction Act ("Act") bars any request for injunctive relief against the IRS."  *Id.*  And the Court rejected Gardner's repetitive argument that the Court should declare that "he is a non-resident for the purposes of the United States tax laws." *Id.*

Gardner's previous suit regarding income taxes and penalties for tax year 1999 sought "a refund of taxes paid for 1999, damages for violation of various notice provisions of the tax code, and an injunction to force the United States to answer questions about Mr. Gardner's status as a taxpayer."  *Gardner*, 2006 WL 2726743 at *1.  The Court noted that "[s]upport for Mr. Gardner's complaints is based in part upon frivolous tax protestor arguments that have been long rejected in the Tenth Circuit."  *Id.* n.1.  And the Court warned Gardner that he was "on notice that the courts are not required to expend judicial resources endlessly entertaining repetitive arguments.  Nor are opposing parties required to bear the burden of meritless litigation," and that, "[i]f he continues filing suits making these frivolous arguments, he will be subject to sanctions."  *Id.* at *1 n.1 (internal quotation marks and citation omitted).  The Court noted that

3

Gardner had not complied with the pre-requisite elements for filing a complaint for refund in the district courts under 28 U.S.C. § 1346(a) by first filing a claim for refund with the IRS.  *See* 26 U.S.C. § 7422(a) (providing that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . ."); *Angle v. United States*, 996 F.2d 252, 253 (10th Cir.1993) ("Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit.")

In addition, his request for a declaration that he was not subject to federal income tax was dismissed because courts generally lack jurisdiction to grant declaratory or injunctive relief in cases involving federal income taxes.  *See Gardner*, 2002 WL 1821581 at *2-*3 (citing 26 U.S.C. § 7421(a) (The Anti-Injunction Act), and 28 U.S.C. § 2201 (The Declaratory Judgment Act)); *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.1981) (holding that Anti-Injunction Act applies to activities leading up to assessment and collection of taxes).

*Gardner*, 2006 WL 2726743 at *1 n.2.  In his amended complaint filed in Gardner's previous suit

regarding the 1999 tax year, he alleged

that the IRS sent Mr. Gardner a notice of deficiency in November 2004 for tax year 1999 that informed him of unpaid income taxes, penalty, and interest.  Doc. No. 14 at 2.  According to the amended complaint, thereafter, the IRS sent a final notice of its intent to levy, and in January 2005 Mr. Gardner timely demanded a hearing pursuant to 26 U.S.C. § 6330(a).  The IRS informed him of the hearing procedure, which was to be conducted by telephone.  Mr. Gardner refused to appear by phone, instead demanding a face-to-face hearing in Las Cruces, NM.  The IRS did not respond to his demand, and in September 2005, it issued a notice of determination affirming its intent to levy. *Id*. at 2-3.

Mr. Gardner did not seek judicial review of the notice of determination in the Tax Court as provided by 26 U.S.C. § 6330(d).  Instead, he filed his complaints for judicial review in this court.  But, as discussed below, his amended complaint does not simply request judicial review of the IRS's final determination; it basically challenges the whole statutory basis for taxation and accuses the IRS of "knowing and willing violations of Plaintiff's rights as a U.S. National citizen of New Mexico." Doc. No. 14 at 15. It requests that the Court vacate the IRS Determination and Demand against him for tax year 1999.  *Id*.

*Id.* at *2.  Gardner made the following arguments in his amended complaint:

the government cannot invoke the tax code against him because, among other reasons, it is limited to the district of Columbia and he has "resigned his Social

4

Security trusteeship."  Doc. No. 14 at 2-3.  His second "cause of action asserts that the tax code "is a private law codex that cannot compel Plaintiff" and is not "positive law."  *Id*. at 6.  His third "cause of action" states that the government "cannot invoke conclusory presumptions for prima facie evidence . . . to validate its determination without violating Plaintiff's Fifth/Fourteenth Amendment right to due process."  *Id*. at 7.  He claims that one "unwarranted presumption" is that he is a "taxpayer," and that he "subjects himself to nothing."  *Id.* at 8.  For his fourth "cause of action," Mr. Gardner asserts that "he is not the object of Defendant's demands" because the "demand documents" identify a "taxpayer," which he is not, and because he denies that the 1040 tax forms are part of the tax code.  *Id*. at 12-13.  In his fifth "cause of action," Mr. Gardner asserts that the government denied him a due process forum to challenge the IRS's jurisdiction and "conclusory presumptions."  *Id*. at 13.  "Cause of action" number six asserts that the tax liens are "unenforceable because no associated legislative enforcement regulations from the Secretary of the Treasury exist."  *Id*. at 14.  And, the seventh "cause of action" contends that "no law of his New Mexico domicile . . . provide[s] relief for Defendant's demands," so the tax liens should be vacated.  *Id.* at 15.

*Id.* at *2.  The Court noted that Gardner's "causes of action" were either "omnibus challenges to the IRS's authority to impose and levy taxes," or claims that "he was denied due process," or challenges to "the tax liens themselves."  *Id.*

Other arguments included:

that the tax laws apply only to "taxpayers" and do not apply to him because the United States cannot prove he is a "taxpayer."  Since he refuses to voluntarily pay taxes, he claims he is a "nontaxpayer".  Pl. Resp. to Mot. to Dismiss at 6, 7.  He claims that there is no evidence that the United States has shown any formal assessment against him. Id. at 9.  But Mr. Gardner submitted a computer-generated transcript of the 1999 tax year assessment record that includes all of the information required.  See Doc. 1 Ex. 24; and see 26 C.F.R. § 301.6203-1 ("If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.").

*Id.* at *4 n.4.

The Court explained to Gardner that, "[w]hen the United States is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as

5

a prerequisite to federal court jurisdiction. Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed, and the Government's consent to be sued must be construed strictly in favor of the sovereign." *Id.* (internal quotation marks omitted).  The Court dismissed the complaint in part because "Gardner has failed to identify a statute under which he may challenge the IRS's authority to impose and collect taxes without first exhausting his administrative remedies in the Tax Court." *Id.* at *3.

Critically, the Court also noted that, if it construed Gardner's pro se complaint to be attempting to allege a waiver of sovereign immunity under 26 U.S.C. § 7433, "any claims [brought under 26 U.S.C. § 7433] would have to be dismissed because Mr. Gardner failed to exhaust the requisite administrative proceedings.  *See* 26 U.S.C. § 7433(d)(1) (providing that plaintiff must exhaust administrative remedies)." *Id.*  The Court concluded that, "by failing to allege exhaustion of administrative remedies, Mr. Gardner has failed to state a claim upon which relief may be granted" under § 7433. *Id.*  The Court also noted, however, that "Gardner has previously maintained suit against the IRS for allegedly unauthorized collection actions under § 7433 and knows how to cite the statute as support for his claims if he thinks it may apply.  *See Gardner v. I.R.S.*, No. 99-cv-1176 JC/LS, 2000 WL 34327006 (D.N.M. Dec.14, 2000)." *Id.* at *3.

In his current Complaint, Gardner seeks the same relief as he sought in his 2005 Complaint – recovery of penalties he involuntarily paid for tax year 1999 – but this time he expressly cites § 7433 as a jurisdictional basis and waiver of sovereign immunity, and he states that he, in fact, has "exhausted all administrative remedies."  Complaint at 1.  Gardner now contends that an IRS employee negligently disregarded various tax statutes and codes in "assessing an unlawful penalty" against Gardner, and, therefore, another IRS employee "negligently issued an unlawful levy" against

Gardner's income because it was based on the allegedly unlawful penalty.  *Id.*  Gardner seeks

"restitution" for the "penalty assessment" and the statutory additions, plus interest.  *Id.* at 2.

## II. LEGAL STANDARDS.

"[W]hen a party challenges the allegations supporting subject-matter jurisdiction, the court

has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve

disputed jurisdictional facts[, and i]n such instances, a court's reference to evidence outside the

pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment."

*Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (internal quotation marks,

citation, and brackets omitted).   Thus, courts may consider evidence outside the pleadings in ruling

on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction without converting it to

a motion for summary judgment.  *See Douglas v. Norton*, 167 Fed. Appx. 698, 705 n.10 (10th Cir.

January 19, 2006) ("Were this case one that could have been decided under Rule 12(b)(1),

consideration of evidence outside the pleadings would have been proper without converting [the

defendant's] motion to dismiss to a motion for summary judgment.").  Both parties have submitted

exhibits for the Court's perusal regarding whether Gardner has, in fact, exhausted his administrative

remedies.  But  the first  issue that should be resolved is whether Gardner has alleged sufficient facts

to state a claim under § 7433, which waives the United States' sovereign immunity only for damages

claims for an unauthorized tax collection.  This issue is normally one analyzed under Rule 12(b)(6),

and in this case, it is not intertwined with the merits of Gardner's claim.   The Court has not

considered the parties' submissions for purposes of determining whether, on its face, the Complaint

states a claim covered by a statute that waives the United States' sovereign immunity.

A complaint does not require "detailed factual allegations," but the "plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

127 S. Ct. 1955, 1964-65 (2007)(internal quotation marks and bracket omitted).  A complaint must

contain enough allegations of fact "to state a claim to relief that is plausible across its face." *Id*. at 1974.

In resolving a motion to dismiss brought under rule 12(b)(6), the court must determine whether the

factual allegations are sufficient "to raise a right to relief above the speculative level," while

assuming "that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965

(internal quotation marks omitted).

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct, much
> of it innocent, then the plaintiffs "have not nudged their claims across the line from
> conceivable to plausible." [*Bell Atl. Corp. v. Twombly*, 127 S Ct.] at 1974.  The
> allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just
> speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

> This requirement of plausibility serves not only to weed out claims that do not (in the
> absence of additional allegations) have a reasonable prospect of success, but also to
> inform the defendants of the actual grounds of the claim against them. "Without
> some factual allegation in the complaint, it is hard to see how a claimant could
> satisfy the requirement of providing not only 'fair notice' of the nature of the claim,
> but also 'grounds' on which the claim rests." [*Bell Atl. Corp. v. Twombly*, 127 S. Ct.]
> at 1965 n. 3.  *See Airborne Beepers & Video*, *Inc. v. AT & T Mobility L.L.C.*, 499
> F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may
> be so sketchy that the complaint does not provide the type of notice of the claim to
> which the defendant is entitled under Rule 8.").  The *Twombly* Court was particularly
> critical of complaints that "mentioned no specific time, place, or person involved in
> the alleged conspiracies." 127 S. Ct. at 1971 n. 10.  Given such a complaint, "a
> defendant seeking to respond to plaintiffs' conclusory allegations . . . would have
> little idea where to begin." *Id.*

*Id.* at 1248.  Thus, "conclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based," even in a complaint prepared by a pro se plaintiff.  *Hall*

8

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS.

The United States first seeks dismissal of Gardner's Complaint on its contention that sovereign immunity bars this suit because, as before, Gardner has failed to state a cause of action for which sovereign immunity has been waived.   The Court agrees.

§ 7433, which is titled "Civil damages for certain unauthorized collection actions," provides, in relevant part:

> (a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
> . . . .
>
> (d) Limitations.--
>
> (1) Requirement that administrative remedies be exhausted.--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.
> . . . .
>
> (3) Period for bringing action.--Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

26 U.S.C. § 7433.  The relevant regulations provide that "[a] cause of action under [§ 7433] accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."  26 C.F.R. § 301.7433-1(g)(2).

Courts have consistently held that "§ 7433 does not create a cause of action for reckless or intentional conduct by an IRS employee in the determination of a federal tax, but that the statute only permits a cause of action for reckless or intentional conduct by an IRS employee in the collection of a federal tax." *Arnett v. United States*, 889 F. Supp 1424, 1427 (D. Kan. 1995); *Shaw v. United States*, 20 F.3d 182 (5th Cir. 1994).

> Section 7433-by its specific words-allows a taxpayer to sue the government only if, "in connection with any collection of Federal Tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title...." 26 U.S.C. § 7433(a) (1989). The plain language of the statute is well supported by the statute's legislative history. Although in its early form the statute granted taxpayers the right to sue "for damages in connection with the *determination or collection* of any Federal tax," H.R.CONF.REP. NO. 100-1104, 100th Cong., 2d Sess. 228 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288 (emphasis added), Congress later deleted that portion of the statute that referred to determination of taxes. As the Conference Agreement states, § 7433 "is limited to reckless or intentional disregard in connection with the *collection* of taxes. An action under this provision may not be based on alleged reckless or intentional disregard in connection with the *determination* of tax." H.R.CONF.REP. NO. 100-1104, 100th Cong., 2d Sess. 229 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4515, 5289 (emphasis added). Therefore, based on the plain language of the statute . . . a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes.

*Shaw*, 20 F.3d at 184 (italics in original). Similarly, in *Gonsalves v. I.R.S.*, 975 F.2d 13 (1st Cir. 1992), the plaintiff based his damages under § 7433 because they resulted from the government's refusal to give him a tax refund. In dismissing his complaint, the Court stated:

> Mr. Gonsalves' claim for damages resulting from the government's refusal to give him a tax refund runs afoul of the clause in Section 7433 which says that a taxpayer may sue only if an IRS agent disregards a statute or regulation "in connection with any *collection* of Federal tax." The essence of Mr. Gonsalves' claim is that the government violated the tax law by refusing to give him a refund because he was exempt from paying taxes during the years in question. In order to prevail on this claim, Mr. Gonsalves would have to prove that the IRS incorrectly *determined* the amount of his tax liability. . . . Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court.

10

26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures.

*Gonsalves*, 975 F.2d at 16.

Here, Gardner's Complaint contends that IRS employee "Debra Hennessy negligently disregarded 26 U.S.C. § 6065; 26 U.S.C. § 6201, 26 U.S.C. § 6203, 26 C.F.R. § 301-6203-1, 26 U.S.C. § 6671, 26 C.F.R. § 301-6671-1, and 26 U.S.C. § 7608 to assess an unlawful penalty against the plaintiff." Complaint at ¶ 4. Clearly, this allegation does not involve negligence in connection with any *collection* of federal tax, but complains only of assessment. It is, therefore, not an allegation that states a claim under § 7433. *See Shaw*, 20 F.3d at 174.

The Complaint next alleges that, on July 6, 2007, IRS employee Susan Meredith "negligently issued an unlawful levy against Plaintiff's remuneration to collect the unlawful penalty identified above." *Id.* ¶ 5. The Complaint does not allege that Meredith, the collection employee, herself disregarded a statute "in connection with any collection of Federal tax." Instead, Gardner's Complaint alleges that Meredith's alleged negligence in issuing an unlawful levy was directly caused by *Hennessy's* alleged negligence in assessing an allegedly unlawful penalty.

Gardner's cause of action against Meredith thus depends on proving that the assessment was incorrect and unlawful, but he cannot "back door" another attempt at challenging his assessment by attempting to bring a negligence action under § 7433. *See Gonsalves*, 975 F.2d at 16. Gardner has failed to state a claim under § 7433 and, accordingly, has failed to demonstrate a waiver of the United States' sovereign immunity against claims for damages. The Complaint must be dismissed for lack of subject-matter jurisdiction.

In his response brief, Gardner attempts to add allegations regarding Meredith, belatedly contending that she, too, failed "to obey 26 U.S.C. §§ 6065; 6201, 6203, 6671, 6703, or 7608, or to

11

secure the court-ordered judgment required under 28 U.S.C. 3001." Doc. 17 at 7. If the Court construed Gardner's statement in his response brief as a request to amend his Complaint to state that Meredith also violated specific statutes, the Court would deny the request because the statutes Gardner cites are inapplicable or inconsistent with his remaining allegations, and amendment would be futile.

26 U.S.C. § 6065 deals with "verification of returns" and simply requires that taxpayer returns and other statements must be "verified by a written declaration that it is made under the penalties of perjury." This section was enacted to permit taxpayers to submit verified, instead of notarized, returns, and it "does not apply to notices issued by IRS agents." *Morelli v. Alexander*, 920 F. Supp. 556, 558 (S.D.N.Y. 1996); *Davis v. C.I.R.*, 115 T.C. 35, 42 (2000) ("[S]ection 6065 does not apply to notices issued by the Commissioner; its requirements are directed at documents that are originated by the taxpayer.").

26 U.S.C. § 6201 regards "[a]ssessment authority" and § 6203 sets out the "[m]ethod of assessment." Section 6671, which provides "[r]ules for application of assessable penalties," simply provides that "penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes." Section 6703 also applies to assessment of penalties, and provides "[r]ules applicable to penalties under sections 6700 ["Promoting abusive tax shelters"], 6701 ["Penalties for aiding and abetting understatement of tax liability"], and 6702 ["Frivolous tax submissions"], and only sets out the penalties that the IRS may assess for filing frivolous returns and defines certain terms. Gardner's Complaint unequivocally states that Hennessy, and not Meredith, assessed the penalties he complains of, and the Court will not allow Gardner to "move the target" to now suggest that

12

Meredith violated assessment provisions. And even if the Court did allow such an amendment, it still would not state a claim under § 7433.

Gardner also newly contends that Meredith violated 28 U.S.C. § 3001, which "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt." But § 3001 does not impose any requirements upon a government official; it simply sets forth a principle of law applicable to some, but not all, debt-collection activities. The Court notes that § 3001 specifically provides that if "another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." § 3001(b). The tax codes specified the procedures that Meredith had to follow, and Gardner does not allege that she violated any other statutes regarding the collection of taxes.

In his briefing, Gardner continues to make arguments that he has repeatedly been told are without merit. For example, he continues to complain that the IRS "ignored Plaintiff's DEMAND for both administrative and judicial due process to show and determine the basis of its claim" that he was liable for past-due income taxes and penalties for filing a frivolous return. Doc. 17 at 2. This Court has already told Gardner that he cannot challenge the assessment of taxes and penalties without having first paid the taxes and filed a claim for refund, which he has not done. *See Gardner*, 2006 WL 2726743 at *1.

Gardner continues to argue that "case law relating to statutory 'taxpayers' cannot apply to this case until and unless Government meets Plaintiff's DEMAND to show the evidence that makes him the statutorily-defined term-of-art 'taxpayer' eligible for a Subtitle A tax liability," Doc. 17 at 3, but the Court has already specifically rejected this argument, *see Gardner*, 2006 WL 2726743 at

13

*2, *4 n.4.  Further, the very fact that Gardner states that he paid the penalty for filing a frivolous

return (albeit involuntarily through a levy), *see* Doc. 17 at 4, and brought suit under § 7433, which

provides remedies "with respect to a taxpayer" demonstrates that he concedes that point.

Gardner continues to argue that "26 United States Code is not positive law," and therefore

is inapplicable.  *See* Doc. 17 at 4.  Gardner made this exact argument in his previous amended

complaint, and this Court specifically rejected it as an "omnibus challenge[] to the IRS's authority

to impose and levy taxes."  *See Gardner*, 2006 WL 2726743 at *2.  He continues to argue that the

"Record of Assessment" in this case is an "insufficient document [that] is no assessment at all."

Doc. 17 at 7.  But in the Court's prior opinion, the Court noted that "Gardner submitted a

computer-generated transcript of the 1999 tax year assessment record that includes all of the

information required" under the tax laws.  *Gardner*, 2006 WL 2726743 at *4 n.4.

> Citing 44 U.S.C. § 1505(a), Gardner
>
> asserts that no legal evidence of law for the filing of claims, or its regulations, are
> published in the *Federal Register*.  This issue has already been raised in
> administrative due process, legal evidence of law set aside by IRS as frivolous Exh.
> (5, para. 15,19,24).  Therefore, Government's dependence on 26 U.S.C. §§7422 does
> not apply to the controversy before this court, and cannot apply to the general public
> . . .

This tired argument, a popular one among tax protestors who read and quote the same frivolous anti-

tax publications, has been long rejected by the Tenth Circuit, *see Lonsdale v. United States*, 919 F.2d

1440, 1448 (10th Cir. 1990); *United States v. Dawes*, No. 04-3454, 161 Fed. Appx. 742, *745 n.1,

2005 WL 3278027, **1 n.1 (10th Cir. Dec 05, 2005), and the Court pointed Gardner to *Lonsdale*

in its prior opinion.  *See Gardner*, 2006 WL 2726743 at *1 n.1.  Gardner, however, has proven

himself to be intractable in his frivolous positions.  *See id.* at *4 (noting that "Gardner's arguments

are either incomprehensible or nothing more than rote and meritless tax protestor garble").

The United States has requested that the Court sanction Gardner for his continued "waste of scarce judicial resources."  Doc. 14 at 5-6.  The Court previously warned Gardner that, "[i]f he continues filing suits making these frivolous arguments, he will be subject to sanctions." *Gardner*, 2006 WL 2726743 at *1 n.1.  Gardner has ignored the Court's warning and has filed yet another frivolous complaint that has no basis in law or fact.  Within ten days of the filing of this Order, the parties shall file briefs regarding the issue of appropriate sanctions and filing restrictions, and the United States may submit appropriate affidavits and invoices or other evidence regarding attorney fees or time expended in this case for the Court's consideration.

**IT IS ORDERED** that the United States' Motion to Dismiss (Doc. 14) is GRANTED because the Court does not have subject-matter jurisdiction over Gardner's Complaint, and that all other pending motions (Doc. 20) are denied as MOOT.

**DATED** this 8th day of July, 2009.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorneys for parties:*

Jeffrey C. Gardner, *pro se*
4108 Mission Bell Avenue
Las Cruces , NM 88011

*Attorneys for Defendant*:

Gregory J. Fouratt
United States Attorney

Jon E Fisher
U.S. Dept. of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas , TX 75201