**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JEFFREY C. GARDNER**,

Plaintiff,

v.                                                                                      No. Civ. 08-0589 MV/LAM

**UNITED STATES GOVERNMENT**,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the United States of America's Motion for Sanctions, Injunction and Brief, filed July 20, 2009 (Doc. 22). The Court has reviewed the motion and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion for sanctions and injunction should be denied in part and granted in part. The motion will be denied with regard to the request for monetary sanctions, but granted as to the request for an injunction imposing filing restrictions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Twice Gardner has filed suit based on the assertion that the IRS improperly imposed income-tax penalties against him for tax year 1999, and twice the Court has dismissed his case for lack of subject-matter jurisdiction. *See Gardner v. United States*, No. Civ. 05-1058 MV/ACT, 2006 WL 2726743 (D.N.M. June 7, 2006), *Gardner v. United States*, No. Civ. 08-0589 MV/LAM, 2009 WL 2425717 (D.N.M. July 8, 2009). Gardner has also unsuccessfully filed other suits, based on various legal theories regarding his refusal to pay income taxes in other years, in which he challenged both the taxes and the penalties imposed. *See Gardner v. I.R.S.*, No. Civ. 99-1176 JC/LS, 2000 WL 34327006 (D.N.M. Dec. 14, 2000); *Gardner v. United States*, 2002 WL 1821581 (W.D. Tex. 2002);

*Gardner v. United States*, No. Civ. 05-0520 RB/RHS, 2006 WL 1390584 (D.N.M. Jan. 12, 2006). Gardner has additionally sued his employer for complying with income-tax levies; this case has been dismissed as well. *See Gardner v. Cent. Tex. Coll.*, 259 Fed. App'x 136 (10th Cir. 2007). In Gardner's 2006 suit against the United States, the Court noted that "[s]upport for Mr. Gardner's complaints is based in part upon frivolous tax protestor arguments that have been long rejected in the Tenth Circuit." *Gardner*, 2006 WL 2726743 at *1 n. 1. In that order, the Court warned Gardner that he was "on notice that the courts are not required to expend judicial resources endlessly entertaining repetitive arguments. Nor are opposing parties required to bear the burden of meritless litigation," and that, "[i]f he continues filing suits making these frivolous arguments, he will be subject to sanctions." *Id.* (internal quotation marks and citation omitted).[1]

## II. LEGAL STANDARDS

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Martin v. D. C. Ct. of App.*, 506 U.S. 1, 3 (1992) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)). Rule 11 of the Federal Rules of Civil Procedure assists the court with managing the allocation of resources. The relevant portions of Rule 11 provide:

---

[1]Because the Court provided a comparison of the suits filed by Gardner with regard to his tax issues in its order dismissing the case, it will not reiterate a comparison here. *See Gardner v. United States*, No. Civ. 08-0589 MV/LAM, Memorandum Opinion and Order Dismissing Case, filed July 8, 2009 (Doc. 21).

(b) **Representations to the Court**.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) **Sanctions.**

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . .

(2) Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

. . .

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary

sanction:

. . .

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

Rule 11 is not designed to "spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp*, 496 U.S. 384, 393 (1990). The main purpose behind Rule 11 sanctions is to deter misconduct. *See id.* Ultimately, whether to impose sanctions under Rule 11 is committed to the discretion of the court. *See id.*; FED. R. CIV. P. 11(c).

To protect litigants from sanction and mitigate the chilling effects of Rule 11, the safe-harbor provision of Rule 11 requires that the motion for sanctions must not be filed until at least 21 days after being served, unless the court sets a different time frame. *See Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). "A failure to comply [with the rule should] result in the rejection of the motion for sanctions." *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1337.2, at 723 (3rd ed.2004)). A sanctions motion served after the suit has been dismissed or after judgment has been entered will be denied because such act defeats the purpose of the policies behind the safe-harbor provision. *See id.* at 1193. The sanctions motion must be filed and the safe-harbor provisions applied while the suit is active. *See id.*

In addition to the powers provided to them under Rule 11, federal courts have the inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989). Pursuant

to 28 U.S.C. § 1651(a),[2] federal courts also have the power to "enjoin litigants who abuse the court system by harassing their opponents" or file "vexatious" litigation by imposing filing restrictions. *Id.* "[L]itigiousness" alone is not sufficient, but restrictions are appropriate where there is a documented history of long and abusive filings. *Guttman v. Widman,* 188 Fed. App'x 691, 698 (10th Cir. 2006). Imposed conditions and restrictions cannot be so burdensome as to deny a litigant meaningful access to the courts. A court may, nevertheless, impose "even onerous conditions" upon a litigant provided they are molded to assist the district court in curbing the particular abusive behavior involved. *See Tripati,* 878 F.2d at 352; *Carter v. United States*, 733 F.2d 735, 737 (10th Cir. 1984). A litigant has no constitutional right of access to the courts to pursue a frivolous or malicious action. *See In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994)).

### III. ANALYSIS

The United States seeks monetary sanctions from Gardner for attorney's fees under Rule 11 in the minimum amount of $2,800.[3] The United States did not, however, comply with the safe-harbor provisions of Rule 11(c)(1)(A). *See* Doc. 22 at 4. The United States filed its motion after the matter had been terminated by the Court, when Gardner was no longer able to withdraw or amend his pleadings. Because the United States failed to comply with Rule 11, its motion for

---

[2] 28 U.S.C. § 1651(a) states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

[3] In the Memorandum Opinion and Order Dismissing Case, filed July 8, 2009, the Court stated: "Within ten days of the filing of this Order, the parties shall file briefs regarding the issue of appropriate sanctions and filing restrictions, and the United States may submit appropriate affidavits and invoices or other evidence regarding attorney's fees or time expended in this case for the Court's consideration."

monetary sanctions will be denied.[4]  *See Roth*, 466 F.3d at 1192.

The United States also seeks an injunction preventing Gardner from filing any further lawsuits "having anything to do with taxes without first obtaining leave from this Court." Doc. 22 at 2.  The United States points out that this is Gardner's fifth lawsuit in federal court contesting the United States' tax system. Doc. 22 at 2.  As noted, *supra*, Gardner has a long history of filing repetitious and meritless suits in this Court.

Despite warnings from the Court, Gardner appears to have an inability or unwillingness to desist from filing repetitious or frivolous claims.  The Court has previously advised Gardner that continuation of his frivolous filings will result in sanctions.  *See Gardner*, 2006 WL 2726743 at *1 n. 1.  Nevertheless, in his most recent action Gardner reiterated previously rejected arguments.  Even in his brief submitted in response to this motion, Gardner reiterates and expounds upon his beliefs about the law and how it should be applied.  While he states he respects the Court, he continues to assert that the Court is wrong.  Gardner's continual filing of lawsuits regarding his tax liability has had a deleterious effect on both the Court's and the United States' limited resources.

Although pro se litigants are given considerable latitude, Gardner has consumed more than his share of the Court's time.  His wasting of scarce judicial resources must end.  There is no reason for this Court to believe that Gardner will stop the frivolous filings with this last suit.  Accordingly, the Court will impose upon Gardner limited filing restrictions prohibiting him from filing any additional pro se complaints in this Court pertaining to taxes.

---

[4] The United States' original request for sanctions also did not comply with Rule 11 as it was not presented as a separate motion as required under Rule 11(c)(2).

To obtain permission to proceed pro se in a case related to income taxes, Gardner must take the following steps:

1. File a petition with the Clerk of this Court requesting leave to file a Complaint.

2. Include in the petition the following information:

   A. A list of all lawsuits currently pending or filed previously with this Court, or any other Court (including the Tax Court) regarding income taxes, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

   B. A list apprising this Court of all outstanding injunctions or orders limiting Gardner's access to federal courts, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the Clerk of this Court a notarized affidavit, in proper legal form, which recites the issues Gardner seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit also must certify, to the best of Gardner's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the Complaint is not filed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court. The affidavit must be filed with the petition.

The matter will be dismissed if the required documents are not submitted or are submitted

in an improper form. If the matter is not dismissed for failure to prosecute, the Clerk shall forward the documents to the Chief Magistrate Judge for review to determine whether to permit Gardner to file a Complaint. This review will take into account the preclusive effect of prior determinations regarding Gardner's liability for federal income taxes, penalties, and interest and the government's right to collect that liability, matters that are not subject to further litigation.

If the Chief Magistrate Judge approves the petition, an order shall be entered indicating that Gardner may file a Complaint and the matter shall proceed in accordance with the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the United States' Motion for Sanction (Doc. 22) is DENIED in part, and GRANTED in part. Effective immediately, and until further order of the Court, the Clerk of Court shall decline to accept or file any tax-related complaints submitted pro se by Gardner unless the complaint has first been presented to the Chief Magistrate Judge of this Court, and the Chief Magistrate Judge has specifically authorized the filing as provided in this Order.

DATED this 18th day of February, 2010.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Jeffrey C. Gardner, *pro se*
4108 Mission Bell Avenue
Las Cruces, NM 88011

*Attorneys for Defendant*:

Gregory J. Fouratt
United States Attorney

Jon E. Fisher
U.S. Dept. of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, TX 75201